TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-809 |
| of | : | |
| | : | November 17, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE JOHN R. POYNER, DISTRICT ATTORNEY, COUNTY OF COLUSA, has requested an opinion on the following question:

May the County Counsel of Colusa County continue to employ the services of a paralegal who is serving simultaneously as the president of the recognized employee organization of county employees of which she is a member, where no realistic accommodation is available?

CONCLUSION

The County Counsel of Colusa County may not continue to employ the services of a paralegal who is serving simultaneously as the president of the recognized employee organization of county employees of which she is a member, where no realistic accommodation is available.

ANALYSIS

The office of County Counsel of Colusa County has one deputy county counsel and one legal administrative assistant in addition to the county counsel. The assistant acts as both the paralegal and secretary for the office. The assistant has been elected president of the recognized employee organization of the county's public employees. Under the provisions of the Meyers-Milias-Brown Act (Gov. Code, §§ 3500-3510; "Act"), **Footnote No. 1** a "recognized employee organization" is an employee organization that has been formally acknowledged by the local public agency as one that represents employees of the public agency. (§ 3501, subd. (b); see 74 Ops.Cal.Atty.Gen. 77, 79-80 (1991); 74 Ops.Cal.Atty.Gen. 42, 43-45 (1991).) A "public employee" includes any person employed by a public agency, except those elected by popular vote or appointed by the Governor. (§ 3501, subd. (d).) No separate bargaining unit has been established in Colusa County for professional employees (see § 3507.3), and the assistant has not been designated a "confidential" employee (see § 3507.5).

The inquiry presented is whether the assistant may serve simultaneously as the paralegal and

The inquiry presented is whether the assistant may serve simultaneously as the paralegal and secretary in the county counsel's office and as the president and member of the recognized employee organization of county employees. **Footnote No. 2** We conclude that she may not simultaneously serve in both capacities.

Among other duties, the county counsel represents the board of supervisors, county department heads, the personnel director, and the county labor negotiator in all matters arising under the Act, including issues arising during the course of collective bargaining. (See §§ 26529, 27642.)

In the regular course of her duties as the sole paralegal and secretary in the county counsel's office, the assistant receives written and oral communications from the county counsel's clients, including matters involving the positions taken or considered in labor negotiations with county employees. With respect to such communications, the assistant performs legal research, drafts communications on behalf of the county counsel, prepares preliminary responses to employee grievances and complaints, prepares proposed drafts of opinion letters, and prepares all final documents at the direction and under the supervision of the county counsel.

In the regular course of her duties as president of the recognized employee organization, the assistant receives and is specifically responsible for the resolution of communications, both written and oral, from employees and representatives respecting positions taken or considered in labor negotiations with the county.

In *Santa Clara County Counsel Attys. Assn.* v. *Woodside* (1994) 7 Cal.4th 525, the court considered whether a group of deputy county counsel attorneys could sue the county to enforce their rights to collective bargaining under the Act. The court concluded that the lawsuit would not violate the attorneys' duty of loyalty and other ethical obligations owed to their client, the county board of supervisors. (*Id.*, at p. 553.) However, the court observed that the county was "free to rearrange assignments within the County Counsel's office in order to ensure that it received legal representation in which it has full confidence." (*Id.*, at p. 532.) In reviewing the competing interests, the court found that a "realistic accommodation" could be reached by the parties:

". . . The growing phenomenon of the lawyer/employee requires a realistic accommodation between an attorney's professional obligations and the rights he or she may have as an employee.

"Moreover, we follow the ABA Committee's approach to determining when an attorney, in pursuit of an employee association's goals, oversteps ethical boundaries. That occurs when the attorney violates actual disciplinary rules, most particularly rules pertaining to the attorney's duty to represent the client faithfully, competently, and confidentially. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

". . . The only realistic accommodation between the enforcement of statutory guaranties under the [Act] and the enforcement of the Attorneys' professional obligations in this situation is to permit a petition for writ of mandate, as would be permitted to other public employees, while at the same time holding the Attorneys to a professional standard that ensures that their *actual* representation of their client/employer is not compromised." (*Id.*, at pp. 551-553.)

Here, the assistant is the only paralegal and only secretary in the county counsel's office. Accordingly, it is not possible to reassign her to other duties in the office as a paralegal or secretary. In her position, she cannot be "screened" from matters relating to labor relations. Unlike in *Woodside*, therefore, a reassignment of duties does not present a realistic accommodation. **Footnote No. 3**

As a result, therefore, an untenable conflict exists for the county, its board of supervisors, and its county counsel. Continued employment of the assistant in her position as paralegal and secretary would lead to a violation of her duty of loyalty recognized by the common law and judicial decisions. (See *Santa Clara County Counsel Attys. Assn.* v. *Woodside*, *supra*, 7 Cal.4th at 548; 78 Ops.Cal.Atty.Gen., *supra*, at 374; 46 Ops.Cal.Atty.Gen. 74, 77 (1965).) Even though she has "the right to form, join, and participate in the activities of employee organizations of [her] own choosing for the purpose of representation on all matters of employer-employee relationships" (§ 3502), the assistant is subject to public policy constraints unless the Legislature expressly and unequivocally provides otherwise. (See 79 Ops.Cal.Atty.Gen. 112, 117 (1996); 78 Ops.Cal.Atty.Gen. 253, 260 (1995).)

In *Nobel* v. *City of Palo Alto* (1928) 89 Cal.App. 47, 50-52, the court declared:

". . . By 'public policy' is intended that principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good, which may be termed the policy of the law. Likewise, it has been defined as 'the principles under which freedom of contract or private dealing are restricted by law for the good of the community'--the foregoing definitions being supported by respectable authority [citation]. Public policy means the public good. Anything which tends to undermine that sense of security for individual rights, whether of personal liberty or private property, which any citizen ought to feel is against public policy. It is the evil tendency and not the actual result which is the test of illegality [citation].

"A public officer is impliedly bound to exercise the powers conferred on him with disinterested skill, zeal, and diligence and primarily for the benefit of the public [citation]. Dealings between a public officer and himself as a private citizen which bring him into collision with other citizens equally interested with himself in the integrity and impartiality of the officer are against public policy [citation].

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Actual injury is not the principle the law proceeds on. Fidelity in the agent is what is aimed at, and as a means of securing it the law will not permit him to place himself in a position in which he may be tempted by his own private interests to disregard those of his principal. This doctrine is generally applicable to private agents and trustees, but to public officers it applies with greater force, and sound policy requires that there be no relaxation of its stringency in any case that comes within its reason [citation].

"There is neither a more wholesome nor a sounder rule of law than that which requires public officers to keep themselves in such a position as that nothing shall tempt them to swerve from the straight line of official duty. Officers ought not to be allowed to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public. The rule which has so long prevailed is eminently just [citation]."

From the viewpoint of the county counsel supervising the assistant as his agent and from the viewpoint of the assistant acting under the direction of the county counsel, the relationship between the county counsel's office and the board of supervisors as described herein is untenable insofar as the subject of labor relations is concerned.

We thus conclude that the County Counsel of Colusa County may not continue to employ the services of a paralegal who is serving simultaneously as the president of the recognized employee organization of county employees of which she is a member, where no realistic accommodation is available.

* * * * *

---

**Footnote No. 1**

Unidentified section references herein are to the Government Code.

**Footnote No. 2**

Section 1126, subdivision (b), provides that each appointing power of a local agency may determine, subject to approval of the local agency, those outside activities which, for employees under its jurisdiction, are inconsistent with, incompatible to, or in conflict with their duties as local agency officers or employees. (See 78 Ops.Cal.Atty.Gen. 362, 376 (1995).) Here, the county has made no such determination. Accordingly, we have no occasion to consider the applicability of section 1126 to the facts presented.

**Footnote No. 3**

Whether a reassignment of duties is appropriate in a particular situation would depend upon the individual circumstances. Here, we are given that a reassignment of duties or other possible accommodations would not be realistic, given the peculiarities of the situation.